IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| KENNETH L. GRAY, | : | Case No. 2:04 CV 502 PGC |
| Plaintiff, | : | |
| vs. | : | **REPORT AND RECOMMENDATION** |
| HOUSEHOLD FINANCIAL CORPORATION, and EXPERIAN INFORMATION SOLUTIONS, INC., | : | Judge Paul G. Cassell |
| Defendants. | | Magistrate Judge Brooke C. Wells |

This matter came before Magistrate Brooke Wells from a referral by District Judge Paul Cassell pursuant to 28 U.S.C. § 636(b)(1)(B). Before the court are a series of motions. These include: Kenneth Gray's Motion for Partial Summary Judgment,[1] Motion to Suspend Deposition Proceeding and to Strike Transcript Record,[2] Motion for Hearing,[3] and two Motions to Strike Declarations made in support of Defendant's Motion for Summary

---

[1] *See* Motion, docket no. 32.

[2] *See* Motion, docket no. 34.

[3] *See* Motion, docket no. 49.

Judgment.[4]  Defendant, Experian, has filed a Motion for Summary Judgment and a Motion to Strike the Wells Fargo Letter dated 1/18/04.

"A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists."[5]  After a thorough review of the record, the court finds Gray has failed to put forth evidence to establish his case.  The court therefore recommends that Experian's Motion for Summary Judgment be GRANTED.

## DISCUSSION

Gray, *pro se*, filed the instant action alleging that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq* (FCRA).  Gray further alleges numerous other claims including libel, slander, defamation, fraud, breach of contract, injurious falsehood, intentional and negligent infliction of emotional distress, and extortion.  Gray's claims arise out of the reporting of an account Gray has with Beneficial/HCF.  Gray admits that he owed Beneficial/HCF money and was delinquent in making payments on his account.  But, according to Gray, Experian

---

[4] *See* Motions, docket nos. 65, 68.

[5] *Calvin v. County of Wyandotte*, No. 89-3376-S, 1990 WL 203123, at *2 (D. Kan. 1990) (citing Fed. R. Civ. P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1327, 1387 (10th Cir. 1985).

violated the FCRA by reporting this adverse information outside of the seven-year statue of limitations.[6]

Section 1681c of the FCRA provides in relevant part:

> (a) Information excluded from consumer reports.--
> Prohibited items
> . . . , no consumer reporting agency may make any consumer report containing any of the following items of information:
> . . . .
> (4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.
>
> (c) Running of reporting period
> (1) In general.--The 7-year period referred to in paragraphs (4) and (6) of subsection (a) of this section shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the commencement of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action.[7]

On approximately November 27, 2003, Gray contacted Experian by the internet requesting a reinvestigation of the Beneficial/HCF account on his consumer file disclosure. Gray claimed that the date of the alleged delinquency occurred over 7 years ago and should not be on the report. In response Experian sent Beneficial/HCF a Consumer Dispute Verification (CDV). The

---

[6] *See* Pl.'s Compl. ¶ 11.

[7] 15 U.S.C. §§ 1681c (a)-(c).

CDV "identifies the consumer, identifies the basis for the consumer's dispute, and asks the creditor to verify or amend the information reported."[8]  Experian may remove information from a consumer's credit file depending on the response received from a creditor.

Beneficial/HCF returned the CDV indicating that the account was charged off and that the original date of the delinquency was January 1, 1998.[9]  Experian updated Gray's account information with this response.  Experian maintained the Beneficial/HCF information on Gray's report because it was less than seven years old.

On approximately December 21, 2003, Gray contacted Experian to dispute the same Beneficial/HCF account.  Once again, Gray claimed that the delinquency occurred over 7 years ago so it should not be on the report.  A CDV was sent to Beneficial/HCF to reinvestigate Gray's account information.  Beneficial/HCF returned the CDV to Experian stating that Gray's delinquency was January 7, 1998.  Experian maintained the information concerning the BeneficialHCF account on Gray's credit report.  While the court finds it somewhat strange that the dates differ on the two CDV requests, January 1, 1998, to January 7, 1998, this slight difference is immaterial to the court's decision.

---

[8]  Def.'s Mem. Supp. p. 4.

[9]  *See id.*

To establish a *prima facie* case for both a "maximum possible accuracy"[10] or a "reinvestigation"[11] claim under the FCRA, a plaintiff must "present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."[12]  Gray fails to put forth any letters, memoranda, or documents which show the date when his Beneficial/HFC account became delinquent.  Gray does however cite to three Experian credit reports attached to his opposition.  Gray alleges that the Household Finance Acct #7577 was removed but then reinserted "between July 2001 and November 2002"[13] in violation of the FCRA.  Household Finance as used by Gray also refers to Benefical/HFC.[14]  A close inspection of Gray's own documents undermines his argument.

Exhibits B and C, credit reports from Experian dated February 18, 1999 and February 11, 2000 respectively, have an entry for "Beneficial Finance Corp. PO Box 8633 Elmhurst IL

---

[10]  15 U.S.C. § 1681e(b).

[11]  15 U.S.C. § 1681i(a).

[12]  *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *see also Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Cassara v. DAC Services, Inc.*, 276 F.3d 1210 (10th Cir. 2002).

[13]  Pl.'s Op. p. 6.

[14]  *Id.* p. i.

60126"[15] with the account number "128975778..."[16]  This entry was "scheduled to continue on record until 11-2000."[17]  Exhibit F is a credit report from Experian dated July 26, 2001.  It shows no entry for Beneficial Finance Corp or any other company with the name Beneficial/HFC.[18]  Exhibit J an Experian credit report from December 29, 2003, contains an entry for "Beneficial/HFC 2700 Sanders RD Prospect Heights IL 60070"[19] with an account number "9117017577...."[20]  The Beneficial/HFC account (or Household Finance account) found on the 2003 report is different than the Beneficial Finance Corp. account found on the reports from 1999 and 2000.  Although both accounts have the numbers 7577 in them it is clear that the entities have different names, addresses, and account numbers.

Experian has set forth evidence before the court showing that the delinquency date on Gray's Beneficial/HFC account occurred in January 1998.  Gray has not provided any information to dispute this date.  So, if the delinquency date was January 1998, an appearance of this account on a credit report from

---

[15] *Id.* exhs. B, C.

[16] *Id.*

[17] *Id.*

[18] *See id.* exh. F.

[19] *Id.* exh. J.

[20] *Id.*

December 2003 is within the seven year period and not a violation of the FCRA.

Additionally, there is nothing before the court that indicates Experian somehow failed in its duty to conduct a proper reinvestigation. Experian conducted multiple reinvestigations each with procedures that have been deemed adequate as a matter of law by other courts.[21]

Based on the foregoing and the record before the court, the court finds that Gray has failed to show any proof that his Beneficial/HFC account, the one at issue in this litigation, was incorrectly reported beyond the seven-year period as required by the FCRA.[22] The court further finds that Experian complied with any duty it had when conducting the reinvestigations of Gray's account. Summary Judgement, therefore, should be GRANTED for Experian as to all of Gray's FCRA claims.

In similar fashion Gray's remaining claims also fail and summary judgment for Experian should be granted. First, because they rely upon the alleged illegal inclusion of the Beneficial/HCF account, which the court finds to not be illegal

---

[21] *See Evans v. Credit Bureau*, 904 F. Supp. 123, 126 (W.D.N.Y. 1995) ("FCRA does not require credit reporting agencies to alter inaccuracies in the public record. It imposes the obligation to correctly report that which appears on public records or from toher credit reporting services. A consumer's recourse for an inaccurate record is to contact the specific creditor or clerk's office to correct misinformation."); *see also Williams v. Colonial Bank*, 826 F. Supp. 415 (M.D. Ala. 1993) *aff'd* 29 F.3d 641 (11th Cir. 1994).

[22] *See* 15 U.S.C. § 1681c(a)(4).

based on a plain reading of Gray's own exhibits.  Second, the remaining claims fail because Gray does not set forth any credible evidence to support his claims.  "[W]hen a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial."[23]  Here, Gray fails to do so.

For example, there is no evidence showing that Experian willfully failed to comply with the FCRA.[24]  Such evidence would be necessary to establish a punitive damages claim.  Nor is there support for Gray's fraud and extortion claims since the very proof he relies on, the credit reports, undermine his own arguments.  And, there is nothing before the court showing that Experian's conduct violated generally accepted standards of decency or morality.  So, Gray's emotional distress claims are unfounded.  Finally, there is no support for Gray's third-party beneficiary contract theory.[25]

The only evidence which tends to "favor[] the nonmoving party [Gray] for a jury to return a verdict"[26] in his favor is the Wells Fargo letter.  Unfortunately, this letter was produced

---

[23] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citations omitted).

[24] See *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cr. 1986).

[25] See *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 674-75 (C.D. Cal. 2000).

[26] This theory also appears to be refuted by case law.  See *Anderson*, 477 U.S. at 249.

on September 27, 2005, after Experian filed its Motion for Summary Judgment, and well after the August 1, 2005, discovery cut-off date. This letter is also at issue in Experian's Motion to Strike for failing to provide the letter during discovery.

Federal rule 37(c)(1) provides in relevant part:

> Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.
>     (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use the evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.[27]

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[28] Accordingly, it is possible that the Wells Fargo Letter could be stricken by the trial court. But, this court need not address the admissibility of the letter or Gray's actions in providing it because of Gray's credit reports. The credit reports clearly show that there were two distinct entities that had 7577 in Gray's account number, Beneficial Finance Corp. and Beneficial/HFC. The evidence before the court shows that the Beneficial/HFC account was properly included in Gray's credit

---

[27] Fed. R. Civ. P. 37(c)(1).

[28] *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996) (citing *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)).

report.  So, no reasonable jury could find that Gray suffered legal harm based on something that was proper to include in his report under the FCRA.

Based on the foregoing the court RECOMMENDS that Experian's Motion for Summary Judgment be GRANTED.  Gray's Motion for Partial Summary Judgment should be DENIED because it is based on the same arguments made in opposition to Experian's Motion for Summary Judgment.  As outlined *supra*, Gray's arguments are not supported by the record before the court.  The remaining motions should be deemed MOOT,

Finally the court wishes to note that although Household Financial still remains as a defendant, the court cannot find any reason why they should not be dismissed from this case.  Gray's claims against Household Financial are based on the same mistaken premise, that Beneficial Finance Corp. and Beneficial/HFC are the same entity.  The evidence clearly shows otherwise.

28 U.S.C. section 1915 provides that a court shall dismiss a case at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[29]  Even in construing Gray's pro se complaint liberally,[30] this court cannot find any

---

[29] 28 U.S.C. § 1915(e)(2)(B).

[30] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)

legal claim against Household Financial.  So, they should be dismissed from this case pursuant to section 1915.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Experian's Motion for Summary Judgment be GRANTED, Gray's Motion for Partial Summary Judgment be DENIED, and the remaining motions be deemed MOOT.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  The parties must file any objection to the Report and Recommendation within ten days after receiving it.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this   1st   day of December, 2005.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge